


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JENNIFER TISDALE PATTERSON** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.** 2:12cv3KS-MTP

**COUNTY OF SIMPSON, MISSISSIPPI;**
**SARGENT MIKE BROWN; and**
**UNIDENTIFIED DEFENDANTS 1-3** **DEFENDANTS**

## COMPLAINT

COMES NOW, the Plaintiff, by and through her attorney of record, and respectfully files this Complaint for Damages against the Defendant on the following grounds:

## PARTIES

1. The Plaintiff is an adult resident citizen of the State of Mississippi, and the incidents giving rise to this Complaint occurred within the bounds of the State of Mississippi, and within a county in the Hattiesburg Division.

2. Simpson County is a political subdivision of the State of Mississippi. Notice has been given pursuant to the Mississippi Tort Claims Act and all applicable waiting periods have passed.

3. Sargent Mike Brown is or was a Simpson County Sheriff's employee involved in the incidents below, and at all times during the described incidents was acting in the course and scope of his employment and under color of law. Sargent Brown is sued in his individual and representative capacities.

4. Unidentified Defendants 1 - 3 are employees of Simpson County, Mississippi and/or Simpson County Sheriff's Department. The identity of these defendants is unknown to the Plaintiff at this time; however, the Plaintiff alleges that Unidentified Defendants 1 - 3 are responsible in their individual and official capacities.

## JURISDICTION AND VENUE

5. The Court has federal question jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action under the Fourteenth Amendment right to be free from arbitrary governmental action and the Fourteenth Amendment right to due process. This court has supplemental jurisdiction over Plaintiff's state law claims. This action is authorized by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

6. Additionally, this Court has requisite jurisdiction to decide important constitutional questions and issues set forth in the subsequent allegations and counts, including deprivation of civil rights, and thus, this Court has jurisdiction and venue over the matter.

7. Venue is proper in this Court.

8. The Court has personal jurisdiction over the parties to this claim.

## FACTUAL STATEMENT

9. On or about July 26, 2010, a deputy from the Simpson County Sheriff s Department entered into Covington County Hospital to make an arrest of a suspect involved with crystal methamphetamine. Jennifer Tisdale Patterson was working on the premises as a licensed pharmacist.

10. The deputy informed Patterson that she was being detained for questioning. Patterson was led out of her station at the hospital, and searched in the parking lot, before being commanded to get into the deputy's patrol car.

11. Patterson was transported to the Covington County Sheriff's Department, and was not allowed any telephonic contact with her family when she requested.

12. Patterson was later picked up by another deputy and transported to the Simpson County Sheriff's Department where an officer searched Patterson again, and this time took her phone and personal belongings and placed her in handcuffs.

13. The deputy later locked Patterson in the back of another patrol car and transported her to the Simpson County Sheriff's Department. During transport, the deputy drove with excessive speed and recklessness, and Patterson was not buckled in with her seatbelt.

14. Patterson was led to the Simpson County Sheriff s Department and held under arrest and imprisonment until the Sheriff s Department determined it had arrested, transported, and detained the wrong individual.

15. The arrest of Jennifer Tisdale Patterson was made without probable cause and was made with malice. All charges were later terminated in Patterson's favor.

16. The actions taken against Patterson amounted to a wrongful prosecution and abuse of process in that the Defendants acted without probable cause.

17. The arrest of Patterson was made in such a way as to cause a loss of reputation to the Plaintiff. By engaging in non-verbal communications which wrongfully conveyed to viewers of the arrest that Patterson should be arrested, and by making false statements that Patterson acted illegally, the Defendants defamed the character of Patterson.

**COUNT I**
**LIABILITY VNDER 42 U.S.C. §§ 1983 and 1988**
**VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 and 28 U.S.C.§1343 et al**

18. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

19. The actions of the Defendants, as previously alleged, constituted a series of deprivations of Jennifer Tisdale Patterson's constitutional and legal rights. Specifically, Defendants' actions deprived Patterson of her Fourth Amendment constitutional right to be free from wrongful arrest, seizure of her person, physical abuse and custodial mistreatment, and her Fourteenth Amendment constitutional right to due process of law, all in contravention of, and constituting violations of, 42 U.S.C. § 1983 of the Federal Civil Rights Act of 1871, as amended. The above described actions were taken in violation of the rights

secured to the Plaintiff by the Fourth, Eighth and Fourteenth Amendments of the Constitutions of the United States.

20. At all relevant times the Plaintiff had a right to be free from illegal arrest. This was clear and well-established at the time of the incidents alleged herein.

21. At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanted disregard of the Constitutional and civil rights of the Plaintiffs and their actions constituted knowing, deliberate indifference to the safety of Jennifer Tisdale Patterson in that their actions objectively and sufficiently demonstrate deprivations of legal and civil rights; further, such actions resulted in the denial of even a minimal civilized measure of life's necessities, including, but not limited to:

(a) unnecessary and excessive force while searching Mrs. Patterson;

(b) violation of Plaintiffs due process rights guaranteed by the Fourteenth Amendment, which, among other things, protects "the right to be free of state-occasioned damage to a person's bodily integrity";

(c) violation of Plaintiff s Eighth Amendment prohibition against cruel and unusual punishment;

(d) violation of her First Amendment right to free speech; and

(e) violation of her right to privacy.

22. Defendants, acting individually and together, under color oflaw, engaged in this course of conduct, and conspired together, to deprive the Plaintiff of her rights under Federal and State law.

23. At all relevant times herein, each of the Defendants failed to exercise their ability and duty to intervene for the purpose of preventing the acts complained herein. As a direct and proximate consequence of the Defendants' actions, Jennifer Tisdale Patterson was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi

24. The aforesaid conduct of the Defendants was motivated by evil motive or intent and involved willfulness and recklessness and callous indifference to the Federally protected rights of the Plaintiffs.

25. The unlawful arrest of Plaintiff was unconstitutional and in clear violation of well-settled existing State and Federal law.

26. Defendant Simpson County is directly liable and responsible for the acts of Defendant Brown and the unknown defendants because it knowingly and purposefully created, perpetuated and affirmed policies and/or practices that resulted in an atmosphere of lawlessness in which deputies employed excessive illegal force, in the belief that such acts would be condoned and justified by their superiors. Defendant Simpson County was, or should have been aware, of these unlawful acts and practices prior to and at the time of the unlawful arrest of Jennifer Tisdale Patterson, and the subsequent violations of her constitutional rights.

27. During all pertinent times on or about July 26, 2010, the Defendants and each of them were aware of facts from which an inference could be drawn that their conduct created a substantial risk of serious harm and, notwithstanding such knowledge, Defendants were indifferent to the consequences of their actions.

28. Accordingly, is entitled to any and all damages as provided under the Federal Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. The Defendants acting individually and together, under color oflaw, engaged engaged in a course of conduct which violated Jennifer Tisdale Patterson's rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

29. As a direct and proximate result of the actions of Defendants, as previously alleged, Jennifer Tisdale Patterson incurred extreme physical and emotional pain, suffering and injury to her person including but not limited to, fear, shock, extreme fright, panic, and physical pain and suffering.

**COUNT II**
**FAILURE TO ADEQUATELY TRAIN & SUPERVISE OFFICERS**

30. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

31. The Defendants failed to provide adequate and competent training and/or supervision to its officers. The aforementioned Defendants are tasked with the non-delegable duty and responsibility to formulate, oversee, and implement official policies, procedures, practices, and customs that were to be carried out at the Simpson County Sheriff's Department by the officers employed there.

32. As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement, and otherwise devise a policy of adequate police training and/or supervision for its officers, the Plaintiff, Jennifer Tisdale Patterson was deprived of certain constitutional rights, privileges, and immunities which, if properly trained and supervised, every officer within the employ of the Simpson County Sheriff's Department would have known of the illegality of the Defendants' conduct and the corresponding deprivation of his civil rights, privileges, and immunities would not have happened.

33. By failing to provide adequate training and supervision to officers, the officers involved herein were so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges, and immunities of the Plaintiff, Jennifer Tisdale Patterson. Thus, because of the failure to adequately train and supervise the Defendants' officers, the aforementioned Defendants are liable for Jennifer Tisdale Patterson's injuries and the deprivation of her civil rights associated therewith. Plaintiff, Jennifer Tisdale Patterson, is therefore entitled to a judgment for the costs of suit against Defendants in their official and individual

capacities, including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, Jennifer Tisdale Patterson.

**COUNT III**
**LIABILITY UNDER MS. § 11-46-1 *ET SEQ.***
**TORT CLAIMS**

34. Plaintiff incorporates by reference paragraphs 1 through 33 above as though fully set forth herein.

34. In addition to the civil rights liability as delineated in Count I above, Plaintiff also alleges vicarious liability against the Covington County for the actions of Sargent Brown for the following:

(a) false arrest;

(b) false imprisonment;

(c) wrongful and malicious prosecution and/or abuse of process;

(d) assault and battery;

(e) negligence;

(f) defamation of character;

(g) intentional and negligent infliction of emotional distress; and,

(h) any additional tort liability arising out of the facts and allegations contained herein.

35. The detention of Plaintiff was at all times unlawful. The placing of the handcuffs on the Plaintiff was done for the purposes of confinement, and at no time did Plaintiff ever consent to said confinement. The confinement was carried out against Plaintiff's will. Under the circumstances, there was no reasonable justification for the nature, purpose, extent and duration of the detention.

36. These intentional and/or grossly negligent acts by these Defendants that caused injury to Jennifer Tisdale Patterson entitle her to the imposition of compensatory damages.

37. At all material times, Defendants owed a non-delegable duty to Plaintiff to act with reasonable care and to abstain from the conduct and wrongful acts, as set forth herein, to enact and

enforce and implement adequate policies and procedures designed to prevent the conduct as set forth herein, and upon discovery of said conduct to conduct a reasonable and impartial investigation of such conduct. Defendants breached such duty owed to Plaintiff. Defendants were therefore negligent. Defendant' conduct was outrageous, and of such duration and extent to amount to gross negligence. As a result of Defendants' negligent and grossly negligent conduct, Plaintiff suffered damages, for which compensation is sought herein.

38. As a proximate result of the foregoing wrongful conduct, Jennifer Tisdale Patterson incurred expenses, and suffered mental and emotional distress, anxiety and damage. She also suffered other general damages, such as humiliation, loss of reputation, pain and suffering, and other elements of general damage which will be more specifically proved at trial.

WHEREFORE, Plaintiff respectfully requests judgment in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, and punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00) against the Defendants, jointly and severally, together with pre-judgment and post-judgment interest, costs, as allowed by law and attorney fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted this the 10th day of January, 2012.

JENNIFER TISDALE PATTERSON, Plaintiff

By: ______________________________

ROBIN L. ROBERTS, MSB # 5596
BRANDON L. BROOKS, MSB # 101973
Attorneys for the Plaintiff

ROBERTS AND BLACKLEDGE
307 WEST PINE STREET
POST OFFICE BOX 1953
HATTIESBURG, MS 39403
OFC: 601-544-0950
FAX: 601-544-0964
EMAIL: robin@rablaw.net